# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JUDY WALKER BIBLE, Administratix of the estate of KENNETH BIBLE, deceased, | \* \* \* | |
| | \* | No. 14-880V |
| Petitioner, | \* | Special Master Christian Moran |
| | \* | |
| v. | \* | Filed: January 4, 2019 |
| | \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* | Attorneys' fees and costs, expert expenses |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lawrence R. Cohan & David Carney, Anapol Weiss, Philadelphia, PA, for
Petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for
Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Judith Walker Bible prevailed in a claim brought in the National Childhood
Vaccine Compensation Program.  She is now seeking an award for attorneys' fees
and costs.  She is awarded $239,136.84.

\*        \*        \*

Ms. Bible is the administratrix of the estate of Kenneth Bible.  Before his
death during this litigation, Mr. Bible alleged that a tetanus-diphtheria-acellular
pertussis vaccination caused him to suffer from Guillain-Barré syndrome.  Initially,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website, which will allow anyone with internet access to view this decision.  Pursuant to Vaccine
Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information
or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the
special master will appear in the document posted on the website.

Mr. Bible was represented by Ragsdale LLC.  However, that relationship ended before the petition was filed.  After the petition was filed, regardless of whether Mr. Bible or Ms. Bible was the petitioner, attorney Lawrence R. Cohan represented the petitioner in this court and Mr. Cohan was assisted by his associate David Carney.

After the parties developed the evidence including reports from expert witnesses, a hearing was held.  The parties, then, re-explored an informal resolution and these discussions were fruitful.  The parties submitted a stipulation that a decision incorporated.  <u>Decision</u>, issued July 13, 2018, 2018 WL 3989449.

On April 5, 2018, Ms. Bible filed a motion for an award of attorneys' fees and costs.[2]  The motion seeks a total of $262,819.03, comprised of $208,633.25 in attorneys' fees incurred by two law firms and $53,685.78 in attorneys' costs also incurred by two law firms.  Ms. Bible personally incurred costs totaling $500.00.

The Secretary filed a response to Ms. Bible's motion.  With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Resp't's Resp., filed June 22, 2018, at 3.  Ms. Bible did not file a reply.

On October 11, 2018, Ms. Bible moved to withdraw her initial fees petition on the basis that it was moot after judgment had entered.  Before the motion to withdraw was ruled on, Ms. Bible filed a new fees petition changing some of the fees and costs requested.  Pet'r's Mot., filed Oct. 14, 2018, at 1.  Respondent filed an identical response to his initial one.  Resp't's Resp., filed Oct. 17, 2018.  Lastly, Ms. Bible filed a reply requesting that some of the costs in his fees petition be removed.  The total of these changes are:

| Attorneys' fees for Anapol Weiss | Reduction of $9,243.50 |
| --- | --- |

[2] Ms. Bible captioned her motion as an "application for interim attorneys' fees and costs."  Ms. Bible filed this motion after the parties had tentatively agreed to resolve the case but before a decision was issued.  In this motion, Ms. Bible's attorneys represented that they would not seek additional fees after judgment.  Pet'r's Mot., filed Apr. 5, 2018, ¶ 15.  Ms. Bible confirmed that she would not be seeking any additional fees in a July 17, 2018 status report.  However, any distinction between interim fees and final fees does not affect the outcome of the pending motion because a decision was issued on July 13, 2018.

| Costs for Anapol Weiss | Reduction of $1,374.78 |
| Petitioner's personally incurred costs | Increase of $278.27 |

As a practical matter, Ms. Bible's new fees petition merely moves around some attorney and paralegal hours between different rates and removes some costs that are not compensable. The effects of these changes in the new fees petition are already captured by the reductions described below. The only meaningful change is that Ms. Bible has documented further personally incurred costs associated with establishing the estate of her late husband. Pet'r's Mot., filed Oct. 14, 2018, exhibit E (General Order #9 statement, $500.00), exhibit G (estate firm invoice, $278.27).

This matter is now ripe for adjudication.[3]

\*       \*       \*

Because Ms. Bible received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

## I.   Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

---

[3] Ms. Bible's motion requested that if the Secretary failed to identify "any specific objections," then the undersigned should treat this response as a waiver of any objection. Pet'r's Mot. ¶ 16. However, after Ms. Bible filed her motion (and the Secretary did not interpose any specific objection), the Court of Federal Claims held that special masters are required to review the reasonableness of requests for attorneys' fees and costs even in the absence of any objection. McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

      A.    <u>Reasonable Hourly Rate</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349.  There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  <u>Id.</u> 1349 (citing <u>Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, almost all the attorneys' work was done outside of the District of Columbia.

      *Anapol Weiss Rates*

Ms. Bible requests compensation for two attorneys, Lawrence Cohan and David Carney, as well as paralegals who assisted them.  Mr. Cohan has charged $400.00 per hour, Mr. Carney has charged $225 per hour for work before September 2014, $275.00 per hour for work from September 2014 to September 2016, and charged $290.00 per hour for work after September 2016, and the paralegals have charged $135.00 per hour.[4]  These rates are reasonable.  <u>Shorkey v. Sec'y of Health & Human Servs.</u>, No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. Apr. 21, 2017); <u>Florence v. Sec'y of Health & Human Servs.</u>, No. 15-255V, 2016 WL 6459592 (Fed. Cl. Spec. Mstr. Oct. 6, 2016).

      *Ragsdale LLC Rates*

Ms. Bible also requests compensation for work that the original law firm, Ragsdale LLC, performed.  Partner M. Clay Ragsdale has charged $300 per hour for work performed in 2013 and $250 per hour, a lower rate, for work performed in 2014.  Mr. Ragsdale's associate, Allison L. Riley, has charged $175 per hour for work performed in 2013 and 2014.  A paralegal has charged $75 per hour for work performed in 2013 and 2014.  Given that the Secretary has not interposed any

---

[4] In future motions seeking attorneys' fees, Mr. Cohan and Mr. Carney should provide more information about the paralegals' qualifications.  <u>See</u> <u>Floyd v. Sec'y of Health & Human Servs.</u>, No. 13-556V, 2017 WL 1344623, *3-4 (Fed. Cl. Spec. Mstr. Mar. 2, 2017).

objection to these rates, the undersigned finds them reasonable based on experience in determining hourly rates in other cases.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh,139 Fed. Cl. 238.

*Anapol Weiss Hours*

Most, but not all, of the attorneys' and paralegals' entries describe the activities with sufficient detail that the reasonableness of the work may be assessed. There is a general improvement here compared to the timesheets submitted in Florence, 2016 WL 6459592, in which the undersigned special master found many entries vague.

Examples of entries that provide useful information include Mr. Carney's entry on June 11, 2015, in which he summarized medical articles and identified the article by name. Another series of useful entries detail Mr. Carney's work in preparing the pre-trial brief in which Mr. Carney has specified when he was writing the fact section, researching cases, drafting legal argument, or editing. This time is credited in full.

However, the entries for "trial prep" are unclear. From May 17, 2017, through June 25, 2017, the team spent 273.9 hours on trial prep. The paralegal performed relatively little work, less than 5 hours. The remaining time was split almost evenly between Mr. Cohan and Mr. Carney.

It is readily apparent that Mr. Cohan and Mr. Carney duplicated work. "Duplication" means that Mr. Cohan performed work that Mr. Carney had already done, Mr. Cohan performed work that he had already done, and Mr. Carney performed work that he had already done. For example, on June 5, 2017, Mr. Carney spent some time reviewing medical records. But, this task seems to overlap with his work in preparing the pre-trial brief that incorporated a summary of medical records.

The undersigned recognizes that preparation for trial almost inevitably includes some duplication of work.  An expert report that was received and reviewed a year in advance of trial must be reviewed again before the hearing.  And, the preparation for trial might reasonably entail a third (or possibly a fourth) review of the same report.

Nevertheless, the entries in this section do not contain sufficient detail to understand what work was being done and why the work was reasonable in light of earlier work.  The generality of the time records is particularly evident as almost all attorney entries exceed 4.1 hours.  Several of these entries repeat themselves, further obscuring the nature of the work.[5]  It is possible (perhaps even likely) that had the attorneys not block-billed their time that they would have demonstrated the reasonableness of their activities and, having shown their work was reasonable, the attorneys would have received full credit.

Under these circumstances, the undersigned finds a reduction of 20 percent to work performed in the trial prep stage to be reasonable.  This results in a decrease of $18,710.50.

A second, but less significant, area of concern is clerical work.  Filing documents is a clerical task for which attorneys should not charge.  See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).  Here, Mr. Carney has filed documents and performed other (minor) work that he could have delegated.  An estimate of these items is $1,000.00.

For these reasons, Ms. Bible is awarded $181,306.50 in attorneys' fees for work Anapol Weiss performed with the deductions noted above.

*Ragsdale, LLC Hours*

Because Ragsdale, LLC initially represented Mr. Bible before the filing of the petition, a majority of the work performed involved paralegals obtaining Mr. Bible's medical records.  Although one paralegal entry (5/29/14) contained the detail of "requested updated medical records from three providers," most other

---

[5] Entries on 6/19/17, 6/20/17, 6/21/17, and 6/22/17 include review of autopsy records.  Because Mr. Bible was alive at this time, the reference to autopsy record for these four days is uncertain.

entries did not specify how many medical providers were involved in records requests or correspondence. Additionally some paralegal time was used for clerical work, such as scanning, filing, or re-organizing files. Because of the lack of detail for paralegal tasks and billing for clerical work, the undersigned finds that a reduction of 10 percent for work done by Ragsdale, LLC to be reasonable. The undersigned awards $6,854.63 as reasonable attorneys' fees for this firm.

## II.   Costs

In addition to seeking an award for attorneys' fees, Ms. Bible seeks compensation for costs that his two law firms expended, totaling $53,685.78. The costs for routine items, such as mailings, medical records, transcripts, and the filing fee are reasonable. Ms. Bible is awarded these costs ($4,944.33) in full.[6]

The balance ($48,741.45) is for the work of Dr. Steinman, the work of a life care planner, Roberta J. Hurley, and travel expenses (meals, transportation, and lodging). These expenses are discussed in turn.

### Expert Expenses for Dr. Steinman and Ms. Hurley

Like attorneys' fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. Experts should create an invoice that explains what tasks are being done, how long the tasks take, and who is performing the task. See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781–83 (2013).

Dr. Steinman has charged 63.25 hours at a rate of $500 per hour. Both the hourly rate and the number of hours requested is reasonable. Thus, Ms. Bible will be awarded the amount ($31,625.00) that he has requested.

The petitioner retained Ms. Hurley to produce a life care plan to assist with resolution of the case when Mr. Bible was living. Ms. Hurley has charged for 39.07 hours at a rate of $125 per hour. In light of the undersigned's experience and the lack of objection from the Secretary, the undersigned finds that the hourly rate is reasonable. However, the number of hours cannot be accepted so easily. Ms. Hurley's time records contain very little description of what she is doing. The opacity is especially troublesome because Mr. Bible's death made the production of an actual life care plan unnecessary. Nevertheless, Ms. Hurley could have and

---

[6] This amount includes $632.72 incurred by Ragsdale, LLC.

should have produced entries that provide more information.  Consequently, her invoice is reduced by 10 percent, resulting in a decrease of $488.33.

*Travel Expenses*

Ms. Bible also seeks reimbursement for the costs associated with Mr. Cohan's, Mr. Carney's, Dr. Steinman's, and Mr. Bible's travel to attend the hearing in Washington, DC.  Most of the expenses are reasonable.  However, some are not.

Unreasonable items include: Dr. Steinman's flying in first class, Mr. Cohan's charge for entertainment, all alcohol, and spending more than $500 for single meals at expensive restaurants.  To account for these excessive amounts, $3,000.00 is deducted.

This decision is a second decision in which the undersigned reduced excessive travel expenses.  Schoeberlein v. Sec'y of Health and Human Servs., No. 14-697V, 2018 WL 3991219 (Fed. Cl. Spec. Mstr. June 22, 2018).  As another special master has explained, the Secretary's recent choice not to analyze motion for attorneys' fees and costs may have contributed to a certain boldness among petitioners in incurring expenses and seeking reimbursement from the Vaccine Program.  See Van Vessem v. Sec'y of Health & Human Servs., No. 11-132V, 2018 WL 3989517, at *11 (Fed. Cl. Spec. Mstr. July 3, 2018) (inclusion of non-compensable costs in fees petition was an "unacceptable lack of attention to detail").  However, the Secretary's laxity does not excuse an attempt from any petitioners to have the Trust Fund, whose source of revenue is the people who pay taxes on vaccines, pay for unreasonable items.  The undersigned notes that the previous decision did not involve Mr. Cohan, Mr. Carney, or Dr. Steinman.  But, after this decision, the undersigned expects that they will exercise more appropriate billing judgment in the future.

For these reasons, Ms. Bible is awarded $50,197.45 in attorneys' costs.

The final item of costs is Ms. Bible's request for a personally incurred cost of $778.27 for opening Mr. Bible's estate.  Given that the Secretary has not challenged this item and in the undersigned's experience, this cost is reasonable.

\*        \*        \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned GRANTS the petitioner's motion and finds $239,136.84 ($188,161.13 in fees and $50,975.72 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  This shall be paid as follows:

   a. **A lump sum of $230,871.23 in the form of a check made payable to petitioner and petitioner's attorney, Lawrence Cohan, of Anapol Weiss, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e);**

   b. **A lump sum of $7,487.35 in the form of a check made payable to petitioner and Ragsdale, LLC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and**

   c. **A lump sum of $778.27 in the form of check made payable to petitioner alone for costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]

   **IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.